**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



ORDER OF CONTINUING ABATEMENT

Appellate case name:      In the Matter of S.W.

Appellate case number:   01-12-01089-CV

Trial court case number:  1203906J

Trial court:                      314th District Court of Harris County

On March 26, 2013, we abated this appeal for a hearing in the trial court regarding appellant's counsel's failure to timely file a brief in this appeal. We directed that appellant be present at the hearing in person or by video teleconference. The reporter's record of the abatement hearing has been received in this Court, and appellant was not present in any capacity at the hearing, nor does the record indicate that there was any effort made to transfer appellant from T.J.J.D. or otherwise secure his appearance at the hearing, as ordered.

Accordingly, the appeal continues in abatement. We direct the trial court to hold the hearing at which appellant shall be present, along with appellant's attorney Marc Isenberg and a representative of the State. Appellant may appear by closed video teleconference.[1] We direct the trial court to make written findings regarding the following:

1) Whether appellant wishes to pursue this appeal; and if so,
2) Whether good cause exists to relieve Marc Isenberg of his duties as appellant's counsel;
   a. if good cause does exist, enter an order relieving Marc Isenberg of his duties as appellant's counsel and appointing substitute counsel for appellant;
   b. if good cause does not exist, order Marc Isenberg to file a brief in this Court no later than 30 days from the date of the hearing.

*See* TEX. CODE CRIM. PROC. ANN. arts. 1.051(d), 26.04(a), (b), (c); TEX. R. APP. P. 38.8.

---

1       Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

The trial court shall have a court reporter record the hearing and file the reporter's record of the hearing with this Court **no later than 15 days from the date of this order**. Additionally, the trial court's findings and recommendations and any orders issued pursuant to this hearing shall be included in a supplemental clerk's record and filed in this Court **no later than 15 days from the date of this order**.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and reporter's record of the hearing are filed in this Court. **The court coordinator of the trial court shall set a hearing date and notify the parties and the Clerk of this Court of such date.**

It is so ORDERED.

Judge's signature: /s/ Evelyn V. Keyes
               ☑ Acting individually    ☐ Acting for the Court


Date: __May 30, 2013_____